### ACTION ON BOND OF BUILDING ASSOCIATION ATTORNEY.

Circuit Court of Hamilton County.

EDWARD DIENST ET AL V. THE FISCHMANN LOAN & BUILDING CO.

Decided, June 22, 1907.

*Bond—Of Building Association Attorney—Action on, for Negligence in
Examining Title—Jurisdiction Where One Obligor can not be Served
—Subrogation—Estoppel—Laches.*

A building association through the negligence. of its attorney loaned
$1,000 to one holding a defective title to the property upon which
he gave a mortgage to secure the loan.   The mortgagor died.   The
proceeds of the loan could not be traced to his creditors, but were
probably used by the widow in satisfaction of her allowance of

$1,500 for the first year's support of herself and minor children. The attorney moved out of the jurisdiction and in the present suit on his bond service could not be obtained upon him.  *Held:*

1. In an action on a bond which is in the nature of a joint obligation, the fact that one of the obligors could not be served with summons because not within the jurisdiction of the court does not prevent the taking of judgment against obligors who are within the jurisdiction.

2. The building association was without remedy on its mortgage by way of subrogation against the general creditors of the mortgagor or the first year's allowance to the widow.

3. The attorney having knowledge of the mistake which he had made, notice to him or his bondsmen of the loss the building association had sustained was not necessary, and laches or estoppel can not be pleaded in their behalf.

SMITH, J.; SWING, P. J., and GIFFEN, J., concur.

Upon an examination of the testimony in this case, and the finding of facts and conclusions of law of the trial court, we are of opinion that the record establishes the negligence of Edward Dienst in not reporting to the Fischmann Loan & Building Co. the true state of the title of the property on which it made its loan on Blue Rock street.   As an attorney at law he held himself out as capable of examining titles to real estate in this county, and the omission on his part to report the correct status of the property under the administration of the probate court is an omission for which he can not be excused.   This being so, can his bondsmen be relieved from payment of the loss to the building association?

1st.   Because the court had no jurisdiction to enter judgment against the bondsmen for the reason that the principal, Dienst, was not served with a summons.

2d.   Because the building association should have resorted to all of its remedies on its mortgage by way of subrogation against the general creditors of John J. Holbrook, and the $1,500 set-off by the appraisers for the widow's allowance.

3d.   Because the building association is estopped by reason of laches.

As to the first contention, it is clear that the bond, being a joint obligation, suit could be maintained and judgment rendered against such obligors as were found within the jurisdiction of

the court where suit was brought, notwithstanding that some other joint obligor was without the jurisdiction, and could not be served with summons.

As to the question of subrogation, no part of the $1,000 loaned by the building association was traced to any one or more of the general creditors; this loan, together with all income from the estate of John J. Holbrook, was intermingled by Catherine Holbrook in one general account. The amount set off by the appraisers, $1,500, the widow's year's allowance, could not be obtained under the doctrine of subrogation. The evidence shows that the testator, John J. Holbrook, gave Catherine Holbrook by will all his real and personal property, and in doing this she received every asset of every kind belonging to the estate, and there can be no doubt but that this sum was used by her for her support and that of her minor children.

We do not think the building association is guilty of laches. Notice to Dienst or his bondemen of the loss to the building association was not necessary. Dienst himself knew of the mistake he had made in the examination of the title, and so stated when he later examined another lot for a second loan. It was his negligence that caused the loss, and it was his duty and that of his bondsmen in the first instance to protect themselves, if possible, by perhaps paying off the mortgage to the association, and then pursuing their remedy by way of subrogation, if such a remedy existed.

Judgment affirmed.

*G. C. Wilson, Boyce & Boyd* and *M. C. Slutes,* for plaintiff in error.

*E. A. Hafner* and *Robertson & Buchwalter,* contra.